UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE KELLY CLARKE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>SCOS et al.,<br><br>　　　　　Respondents. | No.  2:22-cv-00026-DAD-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION<br><br>(Doc. No. 9) |

　　　　Petitioner Lee Kelly Clark is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On June 14, 2022, the assigned magistrate judge issued findings and recommendations, recommending that the pending petition be dismissed because it fails to present any cognizable grounds for federal habeas relief as previously analyzed in the magistrate judge's April 12, 2022 screening order.  (Doc. No. 9 at 1) (citing Doc. No. 7).  These findings and recommendations were served upon all parties and contained notice that any objections were to be filed within fourteen (14) days from the date of service of that order.  (*Id.* at 4.)  No objections have been filed to this date, and the time to do so has since passed.

/////

It appears from the docket that the mailed copy of the findings and recommendations to petitioner was returned to the court as undeliverable. However, petitioner was properly served. It is the petitioner's responsibility to keep the court apprised of his current address at all times. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective. Furthermore, more than sixty days have since passed since the findings and recommendations were served at petitioner's address of record, and petitioner has not filed a notice of change of address.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis.

In addition, having concluded that the pending petition must be dismissed, the court now turns to whether a certificate of appealability should issue. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on June 14, 2022 (Doc. No. 9) are adopted in full;

2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed for failure to prosecute, failure to comply with court orders, and failure to state a claim;

3. The court declines to issue a certificate of appealability; and

4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **September 2, 2022**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE